UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BROWN, III, RAYMOND B. ROBINSON, JR., VICTOR LAGOMBRA, NORRIS DOUGLAS, EKILISANDRO TEIXEIRA, CRAIG C. NELSON, ANDERSON BUCKMIRE, RASHEED HALL, ANTHONY DINGLE-JONES, and BATRON SULLIVAN, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civ. Action No. 16-10563-LTS |
| CLOVER FAST FOOD, INC. d/b/a/ and a/k/a CLOVER FOOD LABS, AYA MUIR, MEGAN PILEGGI f/k/a MEGAN PEDERSON, and CHRIS ANDERSON, | ) ) ) ) ) |
| Defendants. | ) ) |

ORDER ON DEFENDANTS' MOTIONS FOR A MORE DEFINITE STATEMENT
AND TO STRIKE EXHIBITS

August 30, 2016

SOROKIN, J.

On April 17, 2016, the plaintiffs filed a corrected, amended complaint against the defendants, Clover Fast Food, Inc. ("Clover"), Aya Muir ("Muir"), Megan Pileggi ("Pileggi"), and Chris Anderson ("Anderson") (collectively, the "Defendants").  Doc. No. 10.  On May 31, 2016, the Defendants moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e) and moved to strike the exhibits attached to the complaint pursuant to Fed. R. Civ. P. 12(f).  Doc. No 13.  For the reasons set forth below, the Court DENIES both motions.

I.   <u>BACKGROUND</u>

The bulk of the allegations levied by the plaintiffs focus on individual plaintiffs Robert Brown III ("Brown") and Raymond B. Robinson, Jr. ("Robinson).   Brown, described in the complaint as a "Black–American," Doc. No. 10 ¶ 16, alleges he was initially hired by Clover in September 2012 to pack delivery vans, then promoted to manager of the operations department in March 2013.   <u>Id.</u> ¶¶ 43, 51-52.   In the latter position he was paid $16 per hour while his white predecessor was paid more, receiving a salary of $83,000 per year.   <u>Id.</u> ¶¶ 50, 54.   Brown further asserts he was not adequately compensated for all of the hours he worked or for overtime and was excluded from manager meetings and other managerial activities.   <u>Id.</u> ¶¶ 56-59, 64, 77, 79.   In July 2014, Brown complained to defendant Pileggi about the work conditions at Clover, ultimately filing a complaint pursuant to the Occupational Safety and Health Act ("OSHA") and to the Massachusetts Board of Health.   <u>Id.</u> ¶¶ 86, 91, 130.

In August 2014, Clover offered Brown $25,000 per year to take the position of support operations lead, which he characterizes as the same job he was already performing.   <u>Id.</u> ¶¶ 94, 96; Doc. No. 10-6.   He refused because the salary was less than his hourly wage.   Doc. No. 10 ¶¶ 95, 97.   Defendants Pileggi and Anderson then met with Brown to persuade him to take the support operations job and informed him that he would be terminated if he declined the offer.   <u>Id.</u> ¶ 99, 101.   Three days later, Brown received a termination letter stating that he was being fired for making threats during the meeting.   <u>Id.</u> ¶¶ 112, 115.   The letter coincided with a visit from the Massachusetts Board of Health and Clover's receipt of notification that the Occupational Safety and Health Administration (the "Administration") was launching an investigation in response to Brown's complaint.   <u>Id.</u> ¶¶ 126, 132, 134.   Brown filed a complaint with the Administration as a

whistle blower asserting he was terminated in retaliation for his report of workplace safety violations. Id. ¶ 147.

After Brown's departure, Clover offered the operations manager position to Robinson, also described in the complaint as a "Black-American," for $11.25 per hour. Id. ¶¶ 17, 142. Robinson declined and was also terminated. Id. ¶¶ 143, 265. Clover instead hired a white woman to take the job, paid her a salary (rather than the hourly wage offered to Brown and Robsinson), and included her in managerial activities. Id. ¶¶ 144-45. The remaining named plaintiffs are not mentioned in the complaint.

The plaintiffs, or subgroups thereof, bring 22 causes of action against the defendants for: violations of the Fair Labor Standards Act ("FLSA") and its state law counterparts (Counts I-IV, XII-XIII); violations of Title VII of the Civil Rights Act and M.G.L. c. 151B (Counts V-VII, X)[1]; violations of 42 U.S.C. §§ 1981 and 1983 and M.G.L. c. 12 (Counts VIII-IX); violation of OSHA (Count XI); retaliatory termination (Counts XIV – XVII, XIX - XXII); and defamation (Count XVIII). Id. at 24-45.

II.    LEGAL STANDARD

Rule 12(e) is reserved for complaints that are "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. Civ. P. 12(e). The oft-quoted phrase is that Rule 12(e) applies when a complaint suffers from being "overly prolix or complex." 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36(1) (3d ed. 2004). Such motions are disfavored in light of Rule 8 and the liberal pleading standards contained in the Federal Rules. Hilchey v. City of Haverhill, 233 F.R.D. 67, 69 (D. Mass. 2005). Rule 12(e) is appropriately aimed at complaints

---

[1] All of the 22 counts are asserted against all defendants except Count X, for aiding and abetting employment discrimination in violation of M.G. L. c. 151B, asserted against defendants Pileggi, Muir and Anderson, but not against Clover.

that are unintelligible, not ones that lack detail.  Cox v. Maine Mar. Acad., 122 F.R.D. 115, 116

(D. Me. 1988).  The search for such detail is in the realm of discovery.  Greater N.Y. Auto. Dealers

Ass'n v. Environmental Sys. Testing, Inc., 211 F.R.D. 71, 77 (E.D.N.Y. 2002).  A Rule 12(e)

motion is proper "only when a party is unable to determine the issues he must meet."  Cox, 122

F.R.D. at 116.

Rule 12(f) allows the court to strike from the complaint "any redundant, immaterial,

impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Proper motions under Rule 12(f) "are

narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."

Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) (quoting Boreri v. Fiat S.p.A.,

763 F.2d 17, 23 (1st Cir. 1985)).

III.    DISCUSSION

The Defendants argue that the complaint is overly rambling, complex, voluminous, and

meandering.  They assert six specific objections:  (1) plaintiffs' use of the device of incorporating

previous allegations by reference; (2) reference to all defendants without attributing specific

actions to specific defendants; (3) the complaint's allegations center on Brown and Robinson

despite the fact that there are ten named plaintiffs; (4) the complaint purports to be "on behalf of

all other similarly situate[ed] individuals;" (5) plaintiffs fail to allege administrative exhaustion;

and (6) the exhibits are unnecessary, increase the confusion and incoherence of the complaint, and

make the record unruly.  Doc. No. 14.

The Court concludes there is little merit to the Defendant's arguments or that a motion to

strike is not the proper means to address their objections.  While the complaint is far from pithy, it

cannot be characterized as unintelligible.  Turning to the first of the defendants' objections to the

complaint, each count incorporates by reference all preceding paragraphs, see, e.g., Doc. No 10 ¶

210, a commonplace practice.  These plaintiffs do not employ this approach any more than the typical complaint filed with this Court.  Some counts, however, also incorporate by reference the preceding allegations rather than isolate the specific conduct giving rise to the count.  E.g., id. ¶ 206.  If the Defendants assert that the factual basis for any particular count is lacking in the complaint, then a motion to dismiss is at their disposal.  The complaint is not incomprehensible; it lacks factual detail within each count.  The Court applies the same reasoning to the second of the defendants' arguments – that the complaint lacks detail regarding which actions were undertaken by which defendants.  If the defendants determine that the complaint lacks a sufficient factual basis with respect to each defendant for any particular cause of action, they may move to dismiss or investigate during discovery.

The defendants' third argument, that the complaint fails to mention any named plaintiff besides Brown and Robinson, is related to their fourth argument, that the captioning of the complaint as "on behalf of all other similarly situate[ed] individuals" is ambiguous.  The plaintiffs explain that with Counts I and III, alleging nonpayment of regular and overtime wages in violation of the FLSA, they intend to avail themselves of the collective action tool provided by section 216(b) of the statute.  29 U.S.C. § 216(b); Doc. No. 25 at 7-10.  Section 216(b) states that an action for violation of the FLSA may be brought "against any employer . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Upon a plaintiff's motion for conditional certification, the Court, with the aid of the pleadings and any proffered affidavits, determines whether the plaintiffs are "similarly situated," meaning that they "were subject to a single decision, policy, or plan that violated the law."  O'Donnell v. Robert Half Int'l, Inc., 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (internal quotation marks omitted).  After discovery, a defendant may move for de-certification, prompting the Court

to revisit whether the plaintiffs are similarly situated.  Nerland v. Caribou Coffee Co., 564 F. Supp. 2d 1010, 1017 (D. Minn. 2007).  In the instant complaint, the plaintiffs allege that they act on behalf of similarly situated "current and former employees" of Clover.  Doc. No. 10 at 1.  At this early stage, this class description is sufficient to put defendants on notice of the putative class. Should the plaintiffs move for conditional certification, they will be required to demonstrate that the putative class encompasses similarly situated members.

The lack of allegations pertaining to any named plaintiff aside from Brown and Robinson appears to be due to the fact that the other named plaintiffs (except for one) have all provided notice that they have joined the putative collective action pursuant to 29 U.S.C. § 216.  Doc. No. 16.  "FLSA collective actions require each plaintiff . . . affirmatively [to] 'opt-in' to the lawsuit." Munoz v. Big Valley, Inc., 915 F. Supp. 2d 46, 48 (D.D.C. 2013).  Putting aside Brown and Robinson, seven of the eight remaining named plaintiffs have opted-in to the lawsuit.  It may be inferred, therefore, that that these seven plaintiffs participate in all causes of action asserted on behalf of all plaintiffs as well as those counts pertaining to the FLSA.  The last plaintiff, Craig C. Nelson, is not mentioned in the complaint, nor has he provided notice that he has opted-in.  As stated above, Rule 12(e) provides little help here because the complaint, although wanting in details, is clear and understandable.  The defendants have sufficient information to provide an answer or other response.

The next argument asserted by the Defendants is that the plaintiffs have failed to plead administrative exhaustion.  The complaint states that "the Plaintiffs, through Brown, filed complaints with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC")."  Doc. No. 10 ¶ 9; see id. ¶ 13 (regarding other complaints, filed through Brown, with other administrative departments).  The plaintiffs answer

that, while they are required to exhaust administrative remedies to assert their Title VII claims, they are not required to plead exhaustion or, alternatively, they have sufficiently pled exhaustion. Doc. No. 25 at 12-16.  It is premature for the Court to weigh in on this issue.  The complaint clearly implies that only Brown filed complaints with MCAD and the EEOC.  In addition, whether other plaintiffs availed themselves of the requisite administrative processes is a fact within the knowledge of the Defendants.  "In ruling on a 12(e) motion, a court often considers whether the movant has knowledge of the information sought."  Vizcaino v. Isaac, Civ. Action No. 15-11565-LTS, 2016 WL 1163652, at * 3 (D. Mass. Feb. 12, 2016) (adopting report and recommendation of magistrate judge).  If the defendants contend that the plaintiffs fail to state a claim without further exhaustion allegations, then they may move to dismiss on that basis.

Finally, the Defendants argue that fifteen exhibits attached to the complaint should be stricken because "[t]hese documents are not necessary, and do much to contribute to the confused, incoherent nature of the pleading."  Doc. No. 14 at 12.  Although "[a] pleading is not an appropriate vehicle for aggregating masses of evidence," the Court does not view fifteen exhibits as excessive nor does it discern any legal basis compelling their exclusion.  Belanger v. BNY Mellon Asset Mgmt. LLC, 307 F.R.D. 55, 58 (D. Mass. 2015) (dismissing 462 page complaint containing 393 exhibits without prejudice on Rule 8 grounds).

IV.    CONCLUSION

The Defendants point out that Counts V through XI are brought on behalf of "some plaintiffs" without any further identification of which plaintiffs.  Doc. No. 14 at 5.  This is not a

proper means of stating a claim.  In the interests of justice, <u>see</u> Fed. R. Civ. P. 1, the Court construes

these claims to be brought on behalf of only plaintiffs Brown and Robinson.[2]

In all future motions, the moving party may file a reply, limited to five pages, without leave

of Court provided it is filed within seven days of the opposition.  A surreply requires specific

permission and shall not exceed five pages.  Regarding future motion practice and the schedule or

course for this case, the Court suggests counsel confer meaningfully with a practical eye toward a

process for addressing the various issues raised in the complaint as well as the defenses or other

arguments advanced.

The Defendants' motions for a more definite statement and to strike exhibits to the

complaint, Doc. No. 13, is DENIED.  The Court orders the Defendants to answer within fourteen

days of the date of this order.  The parties shall appear for a Rule 16 scheduling conference on

October 11 at 2:30 p.m.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] The plaintiffs state that they intend to use the discovery process to determine potential plaintiffs to assert these claims and whether to seek class certification at a later stage.  Doc. No. 25 at 11. However, the complaint on its face makes no mention of class certification pursuant to Fed. R. Civ. P. 23.  At the pleading stage, plaintiffs asserting a class action must make allegations consistent with the four prongs of Rule 23(a) and one prong of Rule 23(b).  <u>See</u> Wright, Miller, et al., 7B Fed. Prac. & Proc. Civ. § 1798 (3d ed.).  The plaintiffs have not done so and thus, the specific plaintiffs asserting each claim must be specified.