## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT BROWN, III, RAYMOND B.
ROBINSON, JR., VICTOR LAGOMBRA,
NORRIS DOUGLAS, EKILISANDRO
TEIXEIRA, CRAIG C. NELSON,
ANDERSON BUCKMIRE, RASHEED HALL,
ANTHONY DINGLE-JONES, AND BATRON
SULLIVAN, MICHAEL E. COOPER, HENRY
M. CLAY, KARIM BLOUNT, SHAWN
BROWN, TIMOTHY BROWN, TROY
JOHNSON, JAMES COAKLEY, WILLIAM
SHEFFIELD, ROBERT LEASTON, KASHIF
BROWN, MARK HOLLAND, CHARLES
CARBONE AND CRAIG C. NELSON,
INDIVIDUALLY, AND ON BEHALF OF ALL
OTHER SIMILARLY SITUATED
INDIVIDUALS,

PLAINTIFFS,

v.

CLOVER FAST FOOD, INC., d/b/a and a/k/a
CLOVER FOOD LABS, AYR MUIR, MEGAN
PILEGGI f/k/a MEGAN PEDERSON, and
CHRIS ANDERSON

DEFENDANTS.

**Civil Action No. 1:16-cv-10563-LTS**

## JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AND ENTRY OF STIPULATED JUDGMENT

Plaintiffs Robert Brown, III, Raymond B. Robinson, Jr., Victor Lagombra, Norris

Douglas, Ekilisandro Teixeira, Craig C. Nelson, Anderson Buckmire, Rasheed Hall, Anthony

Dingle-Jones, Batron Sullivan, Michael E. Cooper, Henry M. Clay, Karim Blount, Shawn

Brown, Timothy Brown, Troy Johnson, James Coakley, William Sheffield, Robert Leaston,

Kashif Brown, Mark Holland, Charles Carbone ("Plaintiffs"), and Defendants Clover Fast Food, Inc., d/b/a Clover Food Labs, Ayr Muir, Megan Pileggi, and Chris Anderson ("Defendants" or collectively with Plaintiffs, the "Parties") seek approval of their settlement of Plaintiffs' claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* and the entry of a stipulated judgment.  Because Plaintiffs' action and claims arise, in part, under the FLSA, the parties respectfully request that the Court approve their agreement and that approval be entered as a stipulated final judgment.  *See* Exhibit 1.

1.  On or about March 22, 2016, Plaintiffs filed this lawsuit in the United States District Court of the District of Massachusetts.  On or about March 25, 2016, Plaintiffs filed a First Amended Complaint and filed a Corrected First Amended Complaint on April 17, 2016.  Plaintiffs filed a Second Amended Complaint on or about November 7, 2016, and a Third Amended Complaint on December 23, 2016.  In the Third Amended Complaint, Plaintiffs allege that Defendants failed to pay Plaintiffs all wages due, and failed to pay Plaintiffs appropriate overtime premiums consistent with federal overtime requirements.  Plaintiffs sought unpaid wages, overtime compensation, liquidated and treble damages, attorney's fees, and costs.  Clover contends it properly paid Plaintiffs, and expressly denies any wrongdoing alleged by Plaintiffs in this action.

2.  All Plaintiffs who filed a written notice indicating their consent to be joined in Plaintiffs' suit pursuant to 29 U.S.C. 216(b) are named Plaintiffs and have received written notification of the settlement.

3.  Prior to bringing their claims in Court, some or all of the Plaintiffs in this action participated in an administrative action brought in front of the Attorney General regarding their wage claims against Defendants.  Pursuant to this administrative action and others brought by some

or all of the Plaintiffs, the parties have conducted written discovery with respect to claims brought under the FLSA.

4. Throughout the duration of this litigation, the parties entered into sometimes contentious, arms-length settlement negotiations. Ultimately, this matter was referred to mediation with Magistrate Judge Judith Dein (ECF No. 50), who presided over a full-day mediation on April 28, 2017. During this mediation, the parties reached a settlement agreement.

5. Defendants and Plaintiffs have executed a Confidential Settlement Agreement that represents a reasonable compromise over several hotly contested issues. The parties respectfully request that the Court now approve the settlement and enter an order of dismissal with prejudice and stipulated judgment based on the representations of counsel for both parties who affirm that the agreement is in their respective clients' best interests, has been approved by Plaintiffs after advice of their undersigned counsel, and is fair and reasonable under the circumstances. In the alternative, the parties propose presenting the Court with a copy of their Confidential Agreement for *in camera* review for the Court's review and approval.[1]

6. The Settlement Agreement resolves Plaintiffs' FLSA Claims under 29 U.S.C. §§ 201, *et seq.*, and Massachusetts Wage Act and State Overtime Laws, including without limitation M.G.L. c. 149 §§ 148, 150 and M.G.L. c. 151 §§ 1, 7, 20, and Section 216(c) of the FLSA authorizes the Secretary of the United States Department of Labor "to supervise" any settlement of claims under the statute. *See* 29 U.S.C. §216(c); *Silva v. Miller,* 307 Fed.Appx. 349, 351 (11th Cir. 2009); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In the context of private litigation under the FLSA, district courts may approve a proposed settlement by entering a stipulated judgment. *Id.*; *Silva v. Miller*, 307 Fed.Appx. at

---

[1] The parties agree that they do not wish to have their Confidential Agreement entered into the docket and that publication of their agreement will create an impediment to completing settlement of this case.

351; *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306-07 (7th Cir. 1986); *see also*

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946). The entry of a stipulated judgment

bars future litigation between the parties with respect to the same alleged violations under the

FLSA and comparable state law. *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960,

961 (5th Cir. 1947).

7. The District Court may enter a stipulated judgment if the settlement is a fair and reasonable
resolution of a bona-fide dispute. *Silva v. Miller*, 307 Fed.Appx. at 351; *Hohnke v. U.S.*, 69
Fed.Cl. 170, 179 (Fed.Cl. 2005). "If a settlement in an employee FLSA suit does reflect a
reasonable compromise over issues…that are actually in dispute," the district court may then
"approve the settlement in order to promote the policy of encouraging settlement of
litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *see also Lomascolo v. Parsons
Brinckerhoff, Inc.*, No. 108cv1310, 2009 WL 3094955, at *8 (E.D.Va., Sept. 28, 2009)(("If
[the] proposed settlement reflects a reasonable compromise over [contested] issues, [the
settlement should be approved]") (internal quotations omitted).)

8. These factors are fully met in this case.  Plaintiffs assert that they were underpaid, but
Defendants have contested those allegations.  Although the parties believe that their
respective positions are meritorious, they have taken into account the uncertainty and risks
inherent in litigation, as well as the costs that each party will incur if the litigation continues.
As a result, they have concluded that it is in their mutual interest to resolve the litigation now
in the manner set forth in the Confidential Settlement Agreement.

9. The parties have engaged in arms-length settlement negotiations and have in good faith
reached an agreement to settle. Plaintiffs' legal team has carefully considered the potential
value of Plaintiffs' claims, and has determined that the proposed settlement provides a fair

and reasonable resolution of their clients' claims, and Defendants supports this result because it eliminates the uncertainties and risks of further litigation.

WHEREFORE, the parties respectfully request that the Court enter an order stating that the Settlement Agreement is fair and reasonable and enters an order of dismissal with prejudice and stipulated judgment.

Dated: _____ July 19 ___, 2017

**PLAINTIFFS,**                                  **DEFENDANTS,**

By their attorneys,                               By their attorneys,

*/s/ Anthony T. Panebianco*                  */s/ M. Amy Carlin*
Anthony T. Panebianco (BBO#664556)      M. Amy Carlin (BBO #648336)
Newman & Newman, P.C. One               **MORGAN, BROWN & JOY, LLP**
McKinley Square                          200 State Street, 11th Floor
Boston, MA 02109                         Boston, MA 02109
P: (617) 227-3361                        P: (617) 523-6666
F: (617) 723-1710                        F: (617) 367-3125
E: apanebianco@newmanlegal.com           E: acarlin@morganbrown.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on  July 19

, 2017.

*/s/ M. Amy Carlim*
_____
M. Amy Carlin, Esq.